IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KYLE M. KUSTURIN, ) | |
| ID # 10044474, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:10-CV-1363-P-BH |
| ) | |
| JOHNNY BROWN, Ellis Co. Sheriff, et. al ) | |
|     Defendants. ) | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, Plaintiff's remaining claim for false imprisonment against Ellis County Sheriff Johnny Brown should be dismissed for want of prosecution.

## I. BACKGROUND

On or about September 8, 2010, Plaintiff filed a complaint using a standard form for prisoners filing a civil rights complaint under 42 U.S.C. § 1983. Page two of the form specifically states:

> **CHANGE OF ADDRESS**
>
> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion(s) for any other relief. Failure to file a **NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

The filing fee order granting Plaintiff leave to proceed *in forma pauperis* also expressly notified Plaintiff of his duty to notify the Court of any change of address and that failure to give notice of a change of address could result in dismissal of his case. (*See* doc. 8, ¶7.)

As part of the screening process, it was recommended on October 21, 2010, that Plaintiff's claims against defendants Judge Gene Knize and attorney Cindy Buckner and his claims against Ellis County Sheriff Johnny Brown based on his supervisory role over other jail employees and his alleged failure to respond to letters written by Plaintiff be summarily dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief could be granted. It was also recommended that Plaintiff's false imprisonment claim against Sheriff Brown under 42 U.S.C. § 1983 be permitted to proceed. (*See* doc. 12.)

On October 28, 2010, the findings, conclusions and recommendation dated October 21, 2010, was returned as undeliverable with the notation "Return to Sender Not in Dallas County Jail." (*See* doc. 13.) It appears that Plaintiff has been discharged from his place of incarceration and changed addresses without notifying the Court as directed on the complaint form and the filing fee order.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to notify the Court of his change in address despite the express instructions on the complaint form and an order, and an order of the Court has been returned as undeliverable. Plaintiff has not given any indication that he intends to proceed with this action, and the Court should dismiss his remaining false imprisonment claim against Sheriff Brown for want of prosecution.

## III. RECOMMENDATION

Plaintiff's remaining false imprisonment claim against Sheriff Brown should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 29th day of October, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE